Mr. Bruzzese, am I saying your name correctly, sir?  Mr. Bruzzese, you're reserved one minute for rebuttal. You can begin when you're ready. May it please the Court. I am Adam Bruzzese, the plaintiff appellant. I represent myself pro se. Under Title V of the U.S. Code, Section 706, the Court shall hold unlawful and set aside agency actions that are generally not in accordance with law or procedure or unconstitutional and not unsupported by substantial evidence or unwarranted by facts. When comparing this newly occurring GS-1 incident involving another ATF agent in a chronological context with my adverse action, the Rule 60 motion should be granted because the GS-1 event demonstrates that my event is both unlawful and unsupported by evidential facts. The GS-1 event shows that following proper procedure and law does result in an employee returning back to his occupation since there was no finding of unfitness for duty and no charges for misconduct or poor performance. Comparing it side by side, my event shows ATF management not following any policy, procedure, or law. No attempt is made to substantiate any allegation and there are no charges for no notice of any charges for or reasonable opportunity to respond, which are constitutional guarantees. They present questions of issues of material facts which should have survived the original summary judgment motion. Regarding facts or evidence, the record reflects that numerous witnesses, coworkers of mine, disproved the allegations made against me. The U.S. Attorney's Office in their court documents even refuted two of the allegations made against me. In my fitness evaluation, the doctors testified that I should have been returned to duty if the allegations against me were false. Pertaining to the EEO regarded as disabled laws, how do we know what ATF management was perceiving, what they were regarding, what they were thinking? We know it from their own words and their actions. Instead of following the proper laws and policies and following the doctor's advice in the fitness evaluation, the decision maker in my case, Ron Turk, testified that my fitness evaluation was discoverable and it created a liability. Well, this is clearly pretextual in fabrication because we have in the GS1 incident, his fitness evaluation doesn't exclude him from being returned back to his occupation. The doctor stated that any action against me should be based on ATF disciplinary administrative procedures because medically there was nothing wrong with me. And Ron Turk testified that he didn't adhere. Well, we know from the evidence in the documents that he didn't adhere to any of ATF's disciplinary procedures. Ron Turk also ignores the report from the therapist, Lawrence Florek, who said I should also go back to work. In the GS1 incident, we see that his completion of therapy resulted in him being returned to his occupation. My previous supervisor, Eric Immersberger, made several allegations against me and the rest of ATF management uses them for only one purpose, to send me for a psychological fitness evaluation. ATF management talked about PTSD, bleeding out stress after my shooting incident and made baseless allegations regarding substance abuse. They never sought any charges at the time the allegations were made and they never sought any charges after the evaluation report was given to them, which said that there's nothing psychologically wrong with me. The district court denied under 60B2 but also 60B6 basically saying that this was relitigation of merits claims that you'd already made and lost. Why do you think that's wrong? I think the district court viewed it as B2, which has the time limitation of one year. But they alternatively ruled, I think, tell me if you disagree, that it would also fail under B6 as relitigation. I don't think they made it a determination under B6. I think they foreclosed, the district court foreclosed their opinion based on B2 saying this. It couldn't be relitigation because it's a newly occurring event. If it's a newly recurring event, then, I'm sorry, go ahead. If the GS1 event had occurred at the time of my litigation, we could have shown this clear disparate treatment, if you will, or how, like I said, following the rules and the laws, neither of us are unfit for duty, neither of us are charged with any misconduct or poor performance. He was returned to his job, which is proper, and I was removed from my job, which is improper. And the only thing that we can look at is ATF regarding me as disabled because it's their own statements. They said, the supervisor told the doctor that I was reckless, without psychological help shouldn't be returned to duty, I was Jekyll and Hyde. And then later he tries to back away from those statements in his deposition by saying that was the doctor paraphrasing him, but we know that the doctor testified that they were indeed his own words. So we have ATF's mindset is they never seek misconduct charges, even though the doctor told them, you have to follow your own disciplinary procedures, because there's nothing psychologically wrong with me. But related more to the Rule 60 motion before us, the district court, if they would have looked at it as the B-6, which it doesn't have a time bar because it's a newly occurring event, it creates the — it eliminates the one-year time bar that she — the district court made the bulk of their ruling on. Thank you. And you have reserved a minute for rebuttal. We'll hear from Attorney Nelson. Good morning. I'm Ronnie Nelson, assistant U.S. attorney from the Eastern District of New York. The district court acted within its discretion in denying Mr. Brzezinski's second motion for relief from judgment, a judgment that was entered in 2016 and affirmed by this court in 2017 or 2018. And unless the court has questions, the government will rest on the arguments in its brief. All right. Thank you. Thank you. Mr. Brzezinski, you do have a minute for rebuttal. All right. Because the government attorney has no — offered no defense to my argument, they just agree with the lower court. They offered no defense to my argument and cannot explain with any evidentiary support why GS-1 was returned to his occupation and I wasn't. The court should view things in a light most favorable to me and grant the Rule 60 motion to vacate the original order. It shouldn't be seen as anything less than a concession to my claim. They don't argue against me. They just — well, the lower court said this, and we agree. They present no contradictory evidence to counter what I have shown through the evidence in the record, that the allegations against me are false, including their own misleading statement in their written brief that stated that I was found unsuitable to carry a firearm or to be in law enforcement. Dr. Ahmad stated that he did not find me unsuitable to be in law enforcement or to carry a firearm. And Dr. Goldhagen stated that it's not even a medical determination for her to make. So that's clearly a false statement. We're left with ATF management only regarding me as psychologically disabled by their own words and to the exclusion of any other lawful reason. Thank you. Thank you. Thank you to both counsel for your arguments. The matter will be taken under advisement.